IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WILLIS BAIRD, # K-81582,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **Case No. 14-cv-01288-MJR** |
| ) | |
| **BRYAN PERDUE, J. KEENER,** ) | |
| **STEPHEN B. DUNCAN,** ) | |
| **MARTIN BUCHNER, ERIC HARGETT,** ) | |
| **NATHAN WHEELER, ELDON COOPER,** ) | |
| **and UNKNOWN PARTY,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Willis Baird, an inmate who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1). In the complaint, Plaintiff claims that he has been subjected to on-going retaliation, excessive force, denial of adequate medical care, and due process violations at Lawrence, particularly since his alleged assault by Lawrence officials on July 10, 2014. He now sues several of these officials[1] for violations of his First, Eighth, and Fourteenth Amendment rights. Plaintiff seeks monetary damages against all Defendants (Doc. 1-2, pp. 59-60). He also seeks a temporary restraining order prohibiting contact with Defendant Perdue and granting Plaintiff's request for a prison transfer (Doc. 1-2, p. 59).

---

[1] These officials include Bryan Perdue (correctional officer), J. Keener (correctional officer), Stephen Duncan (head warden), Martin Buchner (lieutenant), Eric Hargett (correctional officer), Nathan Wheeler (adjustment committee chairman), Eldon Cooper (adjustment committee member), and four unidentified officers (John Doe #1-#4).

**Merits Review Under 28 U.S.C. § 1915A**

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). After considering the allegations in light of this standard, the Court finds that the complaint survives preliminary review under Section 1915A.

**The Complaint**

Plaintiff filed the instant complaint on November 19, 2014[2] (Doc. 1) against seven known and numerous unknown defendants.[3] In the complaint, Plaintiff describes an incident on July 10th, in which Defendants Perdue, Keener, and four unknown members of the "Orange Crush Tactical Team" ("John Doe #1-#4") assaulted him and caused permanent injuries to his head, neck, and back (Doc. 1, pp. 41-42). Plaintiff reveals that he is a frequent litigator, who has multiple actions currently pending against twenty or more Lawrence officials. In one of these actions, *Baird v. Godinez, et al.*, Case No. 14-cv-902-JPG-SCW (S.D. Ill., filed August 20, 2014), Plaintiff discussed the July 10th incident involving Defendant Perdue[4] in his request for a temporary restraining order and preliminary injunction; he asked for "protection from further retaliatory acts from staff" through placement in protective custody or a prison transfer (Doc. 1, p. 44; Doc. 1-2, pp. 17-18). In that action, Defendant Perdue is not specifically named as a party or addressed in the complaint.

However, when Defendant Perdue learned that he was mentioned in the pleadings, he targeted Plaintiff for additional harassment. On September 23rd, Defendant Perdue horse/donkey kicked Plaintiff's cell door into Plaintiff's temple, causing him to suffer from blurry vision and a headache that necessitated a visit with medical staff (Doc. 1, p. 43). On September 24th and 25th, Defendant Perdue issued Plaintiff two false disciplinary tickets; these were the first two disciplinary tickets that Defendant Perdue had ever issued Plaintiff

---

[2] All of the events referred to in this Order occurred in 2014.

[3] The complaint spans nearly 120 pages (Doc. 1, pp. 1-57; Doc. 1-2, pp. 1-62). In it, Plaintiff intersperses factual allegations (Doc. 1, pp. 17-21; 34-57) with exhibits (Doc. 1, pp. 22-33; Doc. 1-2, pp. 1-58). Early in his statement of claim, Plaintiff acknowledges that "this action has seven (7) defendants, with several different claims, on several different dates, that all links to Defendant Bryan Perdue's initial civil rights violations on July 10, 2014, that triggered all other defendants, and all other claims" (Doc. 1, p. 34). Based on its length and organization, the complaint comes dangerously close to running afoul of Federal Rule of Civil Procedure 8.

[4] Defendant Perdue is not specifically named in the complaint in that action.

(Doc. 1, p. 46). On September 25th, Defendant Perdue repeatedly struck Plaintiff in the testicles while frisking him in the presence of three other officers, including Defendants Martin Buchner and Eric Hargett; this was the first body search Defendant Perdue had ever conducted of Plaintiff (Doc. 1, pp. 47-48). Afterwards, Defendants Perdue, Buchner, and Hargett refused Plaintiff's requests for medical care (Doc. 1, pp. 50, 53).

Plaintiff went on a hunger strike and was taken to "hunger strike segregation" (Doc. 1, p. 52). Defendant Perdue removed family photos, high school and college diplomas, vocational certificates, and transcripts from Plaintiff's possession and destroyed them.

Plaintiff was found guilty of the false rule violations at his disciplinary hearing on October 7th. He attributes this finding of guilt to the fact that Nathan Wheeler, the chairman of the adjustment committee, is also one of the many prison officials he has sued (Doc. 1, p. 55). Plaintiff now lists him among the defendants in this action and claims that Defendant Wheeler violated Plaintiff's right to an impartial hearing by failing to recuse himself, denying his request for a continuance, refusing to consider exculpatory documents, and refusing to interview Plaintiff's "long witness list" after finding that it was submitted too late.

Plaintiff now seeks monetary damages against Defendants Perdue, Keener, Duncan, Buchner, Hargett, Wheeler, Cooper, and John Doe #1-#4 (Doc. 1-2, pp. 59-60). In his request for relief, Plaintiff also seeks a temporary restraining order prohibiting contact with Defendant Perdue or a prison transfer (Doc. 1-2, p. 59).

**Discussion**

**Claims to Proceed**

Accepting the allegations as true, as the Court is required to do at this early stage in litigation, the Court finds that Plaintiff has articulated the following colorable federal causes of action:

> **Count 1:** **Eighth Amendment excessive force claim against Defendants Perdue, Keener, and John Doe #1-#4 for beating Plaintiff on July 10th;**
>
> **Count 2:** **Eighth Amendment excessive force claim against Defendant Perdue for injuring Plaintiff on September 23rd and 25th, by kicking Plaintiff's cell door into his head and striking him in the testicles while frisking him;**
>
> **Count 3:** **Eighth Amendment claim against Defendants Buchner and Hargett for failing to intervene to protect Plaintiff from injury during the frisking incident on September 25th;**
>
> **Count 4:** **Eighth Amendment deliberate indifference to serious medical needs claim against Defendants Perdue, Keener, John Doe #1-#4, Buchner, and Hargett arising from the July 10th, September 23rd, and September 25th incidents;**
>
> **Count 5**: **Eighth Amendment claim against Defendant Duncan for ignoring multiple direct requests from Plaintiff to intervene and protect him from assault by prison officials;**
>
> **Count 6:** **First Amendment retaliation claim against Defendant Perdue.**

**Claims to Be Dismissed**

All claims arising from the disciplinary hearing that took place on October 7th shall be dismissed. This includes claims against Defendant Nathan Wheeler for retaliation (**Count 7**) and due process violations (**Count 8**) and against Defendant Eldon Cooper for failing to intervene and stop the violations (**Count 9**) (Doc. 1, pp. 54-57).

Without addressing the merits of each claim, the Court finds that they should not proceed together in this action (Doc. 1, pp. 54-57). In *George v. Smith*, 507 F.3d 605 (7th Cir.

2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *George*, 507 F.3d at 607 (citing 28 U.S.C. § 1915(b), (g)). Plaintiff's claims against Defendant Wheeler and Cooper arise from conduct at his October 7th disciplinary hearing and are distinct from his claims against all other defendants for the incidents that occurred on July 10th and September 23rd-25th. As such, Counts 7-9 cannot proceed in this action together with Counts 1-6.

Plaintiff simply cannot avoid paying a filing fee by bringing these unrelated claims in this action. Plaintiff is well aware of this fact. He is an experienced litigator. When addressing Counts 7-9 in the complaint, Plaintiff also included a footnote that states, "Plaintiff does understand that the Court may find that some or all of these counts may constitute a separate action, occur[e]nce, or event, requiring a separate filing and additional fee" (Doc. 1, p. 57). The Court specifically finds that it is appropriate to dismiss Counts 7, 8, and 9 because they present claims and defendants that are separate and distinct from Counts 1-6. In doing so, the Court renders no opinion on the merits of these claims.

Moreover, the Court deems dismissal, as opposed to severance, of these claims to be most appropriate under the circumstances. This dismissal is without prejudice to Plaintiff bringing the claims in a separate civil rights complaint. The events giving rise to each claim occurred in October 2014, so Plaintiff faces no impending statute of limitations deadline. Further, it is possible that Plaintiff has not yet exhausted his administrative remedies with regard to these claims. Finally, Plaintiff would be required to assert these claims in a properly amended complaint, even if he was allowed to proceed in a severed case.

**Count 7, 8,** and **9** against Defendants Wheeler and Cooper shall be dismissed without prejudice. If he wishes to do so, Plaintiff may bring these claims in a separately filed civil rights action. A separate filing fee obligation will attach to that action. Plaintiff is warned that future filings that are excessive in length and lack organization will be subject to dismissal under Rule 8. Therefore, he should include only a short, plain statement of each cause of action against each defendant. He must also avoid including any unnecessary factual allegations or filing unnecessary exhibits with any future complaint.

### Identification of Unknown Defendants

Plaintiff has been allowed to proceed in this action with claims against four unknown defendants, i.e., John Doe #1-#4, among others. Where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009); *Donald v. Cook County Sheriff's Dept*., 95 F.3d 548, 556 (7th Cir. 1996). Lawrence's head warden, Defendant Duncan, has already been named as a defendant in this action, and the Court expects Defendant Duncan to timely respond to Plaintiff's requests for discovery aimed at identifying Defendants John Doe #1-#4. Once Plaintiff discovers the names of these defendants, he shall file an amended complaint, in which he replaces references to each of these defendants with their actual names.

### Request for TRO

In his request for relief, Plaintiff seeks a temporary restraining order ("TRO") prohibiting contact with Defendant Perdue and granting a prison transfer, among other things.

Plaintiff has not separately filed a motion in support of this request pursuant to Federal Rule of Civil Procedure 65, as he should have done. The Court notes that four separate motions for preliminary injunctive relief and/or a TRO are currently pending in Plaintiff's related action. *See Baird v. Godinez, et al.*, Case No. 14-cv-902-JPG-SCW (S.D. Ill., filed August 20, 2014) (Docs. 4, 5, 38, 39). The July 10th incident involving Bryan Perdue is mentioned in several of the motions, but Bryan Perdue is not named as a defendant in that action. If Plaintiff wishes to obtain immediate relief in *this* action, whether through a TRO or a preliminary injunction, he must file a motion pursuant to Rule 65 that specifically addresses the request for relief and the facts that support it, so that this Court can rule on the motion.

Plaintiff should be mindful of the differences between these two types of relief. A TRO can be issued without notice to the party to be enjoined, but it may last no more than fourteen days. FED. R. CIV. P. 65(b)(2). A TRO may issue without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A). Such injunctive relief is also warranted "to prevent a substantial risk of serious injury from ripening into actual harm." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994).

A preliminary injunction is issued only after the adverse party is given notice and an opportunity to oppose the motion. FED. R. CIV. P. 65(a)(1). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). *See also Korte v. Sebelius*, 735 F.3d 654, 665

(7th Cir. 2013); *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).  Because Plaintiff failed to make any request for immediate relief in a separate motion that explains why it is warranted, the Court cannot fully analyze Plaintiff's request or rule on it at this time.

### Pending Motion

Plaintiff filed a motion for leave to proceed *in forma pauperis* (Doc. 2), which shall be addressed in a separate order of this Court.

### Disposition

**IT IS HEREBY ORDERED** that **COUNTS 7, 8,** and **9** are **DISMISSED** without prejudice to Plaintiff raising these claims in a separate civil rights action. Defendants **WHEELER** and **COOPER** are **DISMISSED** without prejudice from this action.

**IT IS FURTHER ORDERED** that with regard to **COUNTS 1, 2, 3, 4, 5,** and **6**, the Clerk of Court shall prepare for Defendants **PERDUE, KEENER, DUNCAN, BUCHNER,** and **HARGETT**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on Defendants John Doe #1-#4 until such time as Plaintiff has identified them by name in a properly filed amended complaint.  Plaintiff is

**ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

**IT IS ALSO ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, including expedited discovery aimed at identifying the unknown defendants.

Further, this entire matter is **REFERRED** to United States Magistrate Judge **Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 25, 2014**

                                                              s/ MICHAEL J. REAGAN
                                                               **Chief District Judge**